IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BIOTRONIK, INC., a Delaware corporation**, <br><br> Plaintiff, <br><br> v. <br><br> **ZURICH INSURANCE PLC NIEDERLASSUNG FÜR DEUTSCHLAND**, <br><br> Defendant. | Case No. 3:18-cv-01631-SB <br><br> **OPINION AND ORDER** |

Pilar C. French, Lane Powell, PC, 601 SW Second Avenue, Suite 2100, Portland, Oregon 97204; Robin L. Cohen and Kenneth H. Frenchman, McKool Smith, One Bryant Park, 47th Floor, New York, NY 10036. Attorneys for Plaintiff.

Nancy M. Erfle and W. Greg Lockwood, Gordon Rees Scully Mansukhani, LLP, 121 SW Morrison Street, Suite 1575, Portland, Oregon 97204; Adam M. Smith and Brian A. Bonser, Coughlin Duffy LLP, 88 Pine Street, 28th Floor, New York, NY 10005. Attorneys for Defendant.

**IMMERGUT, District Judge.**

This action is the latest in a series of disputes—in United States and German courts—involving Plaintiff, Defendant, and other entities. In this case, Plaintiff Biotronik, Inc., which is based in Lake Oswego, Oregon, alleges that Defendant Zurich Insurance PLC Niederlassung Für Deutschland publicized confidential and damaging information about Plaintiff amid insurance

coverage litigation in Frankfurt, Germany, between Defendant and Plaintiff's affiliate, Biotronik Germany. ECF 1 at ¶¶ 10, 35. Plaintiff's complaint includes a single claim for tortious breach of the implied covenant of good faith and fair dealing. *Id.* at ¶¶ 34–38.

Defendant moved to dismiss the complaint, arguing that that a forum-selection clause requires this lawsuit to be litigated in Germany, that dismissal is also appropriate under the doctrine of forum non conveniens, and that Plaintiff lacks standing. ECF 22. In Findings and Recommendations ("F&R") dated June 28, 2019, Magistrate Judge Stacie F. Beckerman concluded that although the forum-selection clause does not require dismissal, the Court should dismiss this case on grounds of forum non conveniens. ECF 36. The F&R also assumed without deciding that Plaintiff has standing to bring this action. *Id.* at 6 n.2. Both parties filed objections: Plaintiff to the F&R's conclusion on forum non conveniens, ECF 39, and Defendant to its analysis of standing and the forum-selection clause, ECF 40.

After de novo review of the factual and legal issues raised in the F&R and the parties' objections, this Court agrees that dismissal is warranted on grounds of forum non conveniens. As discussed in this opinion, however, dismissal may also be required under the forum-selection clause. Therefore, the F&R is adopted in part.[1]

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or

---

[1] As oral argument would not aid the resolution of these issues, Plaintiff's requests for a hearing are denied. ECF 39; ECF 41; *see* LR 7-1(d).

PAGE 2 – OPINION AND ORDER

recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte," whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

The F&R sets forth the factual and procedural background underlying this dispute. *See* ECF 36 at 2–5. This Court first addresses Plaintiff's objections regarding forum non conveniens before turning to Defendant's objections concerning the forum-selection clause.[2]

A. **Forum Non Conveniens**

Plaintiff objects to the F&R's recommendation to dismiss this case under forum non conveniens. ECF 39 at 2. Plaintiff argues that the F&R applied the wrong legal standard in reaching this conclusion because it did not accord the proper deference to a home-state plaintiff's choice of forum. *Id.* at 5–6. Plaintiff also argues that the F&R erroneously concluded that Germany offers a satisfactory remedy, that German law applies to this action, and that the private and public-interest factors favor litigating in Germany. *Id.* at 6–10. For the reasons below, this Court disagrees with Plaintiff and adopts the F&R's conclusion that this action should be dismissed under forum non conveniens.

---

[2] Defendant also argues that Plaintiff lacks standing because it assigned its claims to its German affiliate. ECF 40 at 6–10. Like the F&R, this Court concludes that it is unnecessary to address this issue because dismissal is appropriate under forum non conveniens. ECF 36 at 6 n.2; *see Sinochem Int'l Co. Ltd. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (holding that the "district court has discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection").

PAGE 3 – OPINION AND ORDER

On a motion to dismiss under forum non conveniens, "defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015) (citing *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) (affirming dismissal of litigation brought by United States citizen). Plaintiff's choice of forum is entitled to deference in this analysis. *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002). To overcome the deference accorded to plaintiff's chosen forum, a defendant must make "a clear showing of facts which … establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience." *Id.* (quoting *Cheng v. Boeing Co.*, 708 F.3d 1406, 1410 (9th Cir. 1983)). While the F&R did not acknowledge this deference explicitly, this Court concludes that despite the deference accorded to Plaintiff's chosen forum, Defendant has satisfied its burden in demonstrating that the facts of this case strongly favor dismissal.

1. **Adequate Alternative Forum**

"An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Carijano*, 643 F.3d at 1225. The parties do not dispute that Defendant is amenable to process in Germany. *See* ECF 36 at 10. The F&R properly found that Germany provides an adequate alternative forum because its courts offer Plaintiff a satisfactory remedy. *See* ECF 36 at 10.

As the F&R appropriately concludes, this case does not pose the "rare circumstance[] . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all." *See* ECF 36 at 10–11 (quoting *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001)). Plaintiff's objection—that Defendant has not carried its burden to submit evidence about the alternative of a German remedy—is unavailing. *See* ECF 39 at 6. As detailed in the F&R, other district courts have concluded that Germany

PAGE 4 – OPINION AND ORDER

offers adequate remedies for breach of the implied covenant of good faith and fair dealing. *See* ECF 36 at 10–12. It is within the Court's discretion to rely on these holdings, which Plaintiff has not disputed. *See* Fed. R. Civ. P. 44.1 ("In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."). Thus, Defendant has carried its burden of demonstrating that Germany provides an adequate alternative forum.

## 2. Balance of Private and Public Interest Factors

To determine whether dismissal under forum non conveniens is appropriate, the court must weigh the "private interest"[3] and "public interest"[4] factors set forth in *Gulf Oil Corp. v. Gilbert*. *See* 330 U.S. 501, 508–09 (1947). The Supreme Court has explained that these factors measure the "convenience" of the litigants and the forum, respectively. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). "[I]f the balance of conveniences suggests that trial in the

---

[3] The private-interest factors are:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Lueck*, 236 F.3d at 1145 (citing *Gulf Oil*, 330 U.S. at 508).

[4] The public-interest factors are:

> (1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum.

*Lueck*, 236 F.3d at 1147 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259–61 (1981); *Gulf Oil*, 330 U.S. at 508–09).

PAGE 5 – OPINION AND ORDER

chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Id.* at 255 n.23. As discussed below, this Court concludes that even though Plaintiff's principal place of business is in Oregon, Defendant has carried its burden of demonstrating that these factors "strongly favor trial" in Germany. *Dole*, 303 F.3d at 1118.

### a. Private-Interest Factors

The F&R concluded that overall, the private-interest factors clearly favor a German forum. *See* ECF 36 at 12–15 (finding that each of the factors favors a German forum except the fifth, which is neutral). This Court adopts the F&R's analysis of the private-interest factors in full.

Plaintiff argues that the F&R placed "undue focus on Zurich's acts in the German Action." *See* ECF 39 at 7–9. This Court disagrees. At trial, Plaintiff would need to prove Defendant's liability based on those acts before the German court. Although Plaintiff's briefing argues that "Zurich went beyond defending its wrongful refusal to provide coverage by claiming *publicly* that Biotronik engaged in criminal behavior," ECF 39 at 7, neither the complaint nor the record indicates that Defendant engaged in any conduct beyond its arguments before the German court. *See* ECF 1 ¶¶ 6, 23–26, 28, 30–32; Erfle Decl., Ex. F, ECF 23-6 (translated copy of July 18, 2017 writ filed by Defendant's counsel); Erfle Decl., Ex. H, ECF 23-8 (translated copy of March 29, 2018 writ filed by Defendant's counsel).[5] Plaintiff's suggestion that the insurance coverage litigation in Germany is an "unrelated lawsuit[]" with respect to this proceeding is simply unpersuasive. ECF 39 at 8. Although that lawsuit is now on appeal, *id.* at 9, it still

---

[5] The record further indicates that the witnesses who could be expected to testify regarding Plaintiff's claim include counsel for both Defendant (Björn Fiedler and Dr. Anna Cryns-Moll) and Biotronik Germany (Dr. Stefan Segger and Marie Holzhauer), all of whom work at law firms in Cologne, Germany. *See* Erfle Decl., Ex. F, ECF 23-6 at 1; Erfle Decl., Ex. D, ECF 23-4 at 1, 66.

demonstrates that Germany provides a convenient forum for the parties. *See Piper Aircraft*, 454 U.S. at 255 n.23. Indeed, even if the forum-selection clause in the insurance contract does not mandate German jurisdiction over this lawsuit, an arms-length agreement to litigate insurance-related disputes in Germany undermines Plaintiff's suggestion that it would be inconvenienced by a German forum. *See* Erfle Decl., Ex. B, ECF 23-2 at 17.[6]

### b. Public-Interest Factors

The F&R also concluded that the public-interest factors clearly favor a German forum. *See* ECF 36 at 15–17. Plaintiff argues that the F&R gave insufficient weight to Oregon's interests in protecting its citizens and contends that the F&R erred in concluding that German law applies to this action. ECF 39 at 9–10. The Court considers these objections in turn.

First, in assessing the local interest in the lawsuit, the F&R found that "German courts have a stronger local interest than an Oregon court in policing litigation conduct that occurred in German courts." ECF 36 at 15. However, the Ninth Circuit has held that in analyzing this factor, the court is to "ask only if there is an identifiable local interest in the controversy, not whether another forum also has an interest." *Boston Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009) (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir.

---

[6] Plaintiff also contends that the F&R overemphasized its ties to Germany, given its German affiliate. *See* ECF 39 at 8. To be clear, this Court finds that the private factors strongly favor dismissal not because of the parties' relative ties to Germany and Oregon, but because Plaintiff seeks relief related to actions that were part of litigation in Germany conducted on Plaintiff's behalf. Nevertheless, the Court grants Plaintiff's request to take judicial notice of the "global insurer" language on a Zurich website. *See id.* at 8 n.1. The Court declines to take judicial notice of other, unspecified facts beyond this request. *See* Fed. R. Evid. 201(c) (requiring the court to take judicial notice only when "supplied with the necessary information"). Like Plaintiff, Defendant may be affiliated with entities around the world. However, the Court observes that there is no evidence in the record that Defendant has any US-based affiliates involved in the conduct at issue. *Cf.* Erfle Decl., Ex. M, ECF 23-13 (assignment agreement enabling Biotronik Germany to pursue Plaintiff's claims in the German Action).

2006)). To the extent that the F&R weighed the relative interests of German and Oregon courts in this lawsuit, this Court declines to adopt its analysis. Nevertheless, the conduct that occurred before the court in Germany presents no clear interest for a court in Oregon. This Court observes that the forum non conveniens analysis is "ultimately intertwined" with issues of comity. *Mujica v. AirScan Inc.*, 771 F.3d 580, 612 n.25 (9th Cir. 2014) (quoting *Ford v. Brown*, 319 F.3d 1302, 1304 n.3 (11th Cir. 2003)). For this Court to adjudicate whether German counsel violated German law in proceedings before German courts would raise serious questions of comity. *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 543 n.27 (1987).

Second, Plaintiff objects to the F&R's conclusion that German law applies to this action. ECF 39 at 10. Ordinarily, a federal court exercising diversity jurisdiction applies the forum state's law to resolve a choice-of-law dispute. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). However, where the parties' contract contains a forum-selection clause, the Ninth Circuit has held that federal common law governs its interpretation. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). The court has also applied this rule to contracts with both forum-selection and choice-of-law clauses. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1080–81 (9th Cir. 2009) (per curiam).[7] Under federal common law, tort claims may also be subject to such clauses, depending on their language. *See Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086–87 (9th Cir. 2018).

In this case, the relevant insurance contract includes the following provision:

---

[7] *Klaxon* did not involve a contract with forum-selection or choice-of-law clauses. *See* 313 U.S. at 494–95. Thus, "the Supreme Court had no occasion to consider whether such a clause would alter the *Klaxon* rule." *Martinez v. Bloomberg LP*, 740 F.3d 211, 230 (2d Cir. 2014) (Newman, J., concurring).

PAGE 8 – OPINION AND ORDER

> All disputes arising out of or in connection with this insurance contract shall be governed exclusively by German law to the exclusion of international private law. In particular, the provisions of the [German Insurance Contract Act ("VVG")] shall apply insofar as these conditions do not deviate from the VVG. All disputes arising from or in connection with this insurance contract shall be subject to German jurisdiction.

Erfle Decl., Ex. B, ECF 23-2 at 17; *see also id.* at 15 (defining "VVG"). In the context of a forum-selection clause, the Ninth Circuit has observed that contractual language such as "in connection with" is sufficient to cover "any dispute that has some logical or causal connection to the parties' agreement." *Yei A. Sun*, 901 F.3d at 1086. The gravamen of Plaintiff's complaint is conduct during litigation over this contract, and this Court agrees with the F&R that the Ninth Circuit's decision in *Yei A. Sun* applies equally to the choice-of-law clause here. *See id.* ("The dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract.").[8] Thus, this dispute is subject to German law, a factor that—while not dispositive—weighs "especially heavily in favor of the German courts." *Leetsch v. Freedman*, 260 F.3d 1100, 1105 (9th Cir. 2001).

In sum, although an American plaintiff's choice of forum is entitled to deference, "[t]his deference is 'far from absolute,' . . . and it is within the court's discretion to decide whether a foreign forum is more convenient." *Ranza*, 793 F.3d at 1076 (citations omitted). As the F&R summarized, "this controversy centers on Zurich's conduct during litigation before a German court in a case between German parties based upon a contract with a German choice of law provision." ECF 36 at 17. Defendant has overcome its heavy burden and shown that dismissal is warranted because the private and public-interest factors "clearly point toward trial in the alternative forum." *Piper Aircraft*, 454 U.S. at 255.

---

[8] Plaintiff does not cite or in any way distinguish *Yei A. Sun* in its objections. *See* ECF 39 at 10.

B. **Forum-Selection Clause**

Although it prevailed on the issue of forum non conveniens, Defendant objects to the F&R's analysis of the forum-selection clause in the insurance contract. ECF 40 at 10–13. The F&R concluded that under Ninth Circuit precedent, the clause does not require this dispute to be litigated in German courts. ECF 36 at 7 (citing *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)). Citing cases from the Second and Tenth Circuits, Defendant objects and argues that the forum-selection clause should be interpreted under German law pursuant to the contract's choice-of-law clause. ECF 40 at 10–12 (citing *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 430 (10th Cir. 2006); *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007)). Defendant contends that under German law, the forum-selection clause is properly interpreted as vesting sole jurisdiction in German courts. *See* ECF 40 at 10–11 (citing *Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*, No. 2:13-CV-02311-RSM, 2014 WL 7338739, at *8 (W.D. Wash. Dec. 19, 2014), *aff'd on other grounds*, 696 F. App'x 837 (9th Cir. 2017)).

The Ninth Circuit has not squarely addressed whether a choice-of-law provision controls interpretation of a forum-selection clause. In *Hunt Wesson*, the court relied on federal law to interpret a forum-selection clause, despite a choice-of-law clause designating California law. *See* 817 F.2d at 76–78; *accord Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 866–67 (9th Cir. 1991); *Doe 1*, 552 F.3d at 1080–82. But the court has also reached the opposite result. *See Colonial Leasing Co. of New England v. Pugh Bros. Garage*, 735 F.2d 380, 381–82 (9th Cir. 1984) (applying state law to interpret forum-selection clause, consistent with choice-of-law provision). None of those cases discussed what role, if any, the choice-of-law clause in a contract played in the court's analysis. Indeed, none of the parties appeared to raise the issue. *See also Manetti-Farrow*, 858 F.2d at 510, 512–13 (holding, without any mention of a choice-of-law provision, that forum-selection clauses are to be interpreted under federal law as a matter of *Erie*

PAGE 10 – OPINION AND ORDER

doctrine). At least in dicta, however, the Ninth Circuit has observed that choice-of-law provisions bear on the interpretation of forum-selection clauses. *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 994 (9th Cir. 2006) ("[T]he contract clearly contains a California choice-of-law clause; thus, the validity of the forumselection clause should be decided by California law, as the law of the contract, rather than by Ecuadorian law.").

This Court recognizes that interpreting a forum-selection clause under federal law can promote efficiency and uniformity in resolving this threshold question. *See Manetti-Farrow*, 858 F.2d at 513. But policy also favors enforcing the parties' justified expectations in "freely negotiated private international agreements." *See Batchelder v. Kawamoto*, 147 F.3d 915, 918–20 (9th Cir. 1998) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) ("The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." (citation and quotations omitted)). Considering the ambiguity in Ninth Circuit precedent, and because forum non conveniens indicates that Germany is the proper forum for this dispute, this Court declines to adopt the F&R's analysis of this issue. *See Lavera*, 696 F. App'x at 838 ("The result is the same either way.").

## CONCLUSION

The F&R is adopted in part. This Court GRANTS Defendant's motion to dismiss on the basis of forum non conveniens and DISMISSES this action without prejudice.

**IT IS SO ORDERED**.

DATED this 28th day of February, 2020.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge